The Chancellor.
This is, no doubt, a case of mutual mistake. There is no ground for a charge of fraud in the defendant. The mistake was not in reference to the land which the defendant proposed to sell and the complainant to buy. That was well understood- by both-parties; it was 50 feet front and rear, on the southwest corner of block 150, fronting on South Seventh street, and extending- along the easterly side of Erie street 100 feet. The mistake was in supposing that a deed for lots 19 and 20, as numbered on Mangin’s map, would convey what the one proposed to sell and the other to buy.
It is claimed on the part of the defendant, that from the manner in which Champion enclosed and built, it must be taken that his purchase from Hutton was of 50 feet fronting on. South Seventh street, and extending, in depth, across the rear half of the four lots, 17, 18, 19 and 20. It is true that Hutton, owning the 100 feet square, might have sold as he pleased, fronting either on South Seventh or on Erie street; and if he sold to Champion the lot as now enclosed hy him,. the residue of the 100 feet square might have been considered as having passed by the sheriff’s deed to the defendant; in which case a reformation of the deed from the defendant to the complainant would have been the proper relief. 13ut the deed from Hutton to Champion conveyed lots 17 and 18, as laid down on Man- . gin’s map.
*331 It may be that, notwithstanding that description, sufficient might, -be shown to establish that Hutton intended to sell and Champion to buy the lots as now enclosed by Champion: and to induce the court, in a proceeding between the proper parties, to reform that deed. Hut that cannot be done in this suit. Chafnpion, notwithstanding the manner in which he has enclosed, claims title according to the description in his deed; and that covers half of the land in reference to which M’Donneli and the complainant dealt. To reform the deed from M’Donnell to the complainant, and leave the complainant to rely on confining Champion’s title to the lot ho has enclosed, would not be the measure of relief to which the complainant is entitled, it would put the complainant in the position of having.bought a lawsuit with Champion; a thing which he certainly never consented to, and which the defendant never intended to impose on him. The relief sought by the bill is the proper relief in the case.
Decree accordingly.